## BECKER STEEL CO. OF AMERICA v. CUMMINGS, Atty. Gen., et al.

District Court, S. D. New York.

Sept. 28, 1934.

Townsend & Kindleberger, of New York City, for plaintiff.

Martin C. Conboy, U. S. Atty., and Francis H. Horan and Irvin C. Rutter, Asst. U. S. Attys., all of New York City, for defendants.

MACK, Circuit Judge.

The bill alleges in substance that plaintiff is an American citizen; that its property was seized by the former Alien Property Custodian as the property of an alien enemy and thus wrongfully seized; that it was sold for $20,000; that nearly $4,000 was paid out by the Alien Property Custodian as expenses directly connected with the sale of such property; that theretofore an action was begun and a decree rendered in this court for $20,000, the value of the property so seized, without any allowance for the expenses so incurred; that that decree was satisfied and full releases given by plaintiff on the payment of only the net amount of some $16,000; that thereafter, due to a later decision of the Supreme Court, the government paid plaintiff interest on the $16,000, and that the amount deducted for the expenses, nearly $4,000, is still owing to the plaintiff. It seeks to recover this sum together with interest thereon from the time of the sale from the present Alien Property Custodian and the present Treasurer of the United States.

An earlier suit for the same purpose was dismissed in this court with affirmance by the Circuit Court of Appeals on the ground that the reviver against the then Alien Property Custodian and Treasurer was improper. Becker Steel Co. v. Hicks, 66 F.(2d) 497.

Defendants' motion is based upon the propositions, conceded by plaintiff, that the suit is in substance against the United States, and that the only authorization for such a suit is section 9 (a) of the Trading with the Enemy Act as amended (50 USCA Appendix § 9 (a). Defendants contend that section 9 (a) requires for jurisdiction allegation that the Alien Property Custodian or the Treasurer of the United States actually holds, at the time of suit, the moneys sought to be recovered. Plaintiff has failed to allege any such present holding; indeed, it is expressly negatived by the bill. The allegations in the thirty-second paragraph of the bill are not an assertion that either of these defendants now has such money on hand, but only that they "must be deemed in justice and truth to have" that money.

It is to be noted that plaintiff does not seek to set aside the satisfaction of the judgment for $20,000 or the releases given pursuant to the payment then made, on the ground of fraud, duress, or otherwise; it relies solely on section 9 (a), but urges that a present holding of any part of the property is not essential to a suit of this kind.

The exact question does not appear to have been decided in any of the cases that have been cited, although, in my judgment, the intimations are against the interpretation asserted by plaintiff. Escher v. Woods (1930) 281 U. S. 379, 50 S. Ct. 337, 74 L. Ed. 918. See, too, Kuttroff v. Sutherland, 66 F.(2d) 500 (C. C. A. 2, 1933). Unlike the Escher Case, the government is not attempting to charge the proceeds of the sale with general administrative expenses of the Alien Property Custodian Department; the allegation is definite that the payment of the expenses incurred in connection with the sale of this very property was made to third parties.

It seems to me clear that section 9 (a), properly interpreted, was intended to give the person whose property had been wrongfully seized and sold a remedy against the government only for such property or money as at the time of the commencement of

344

the suit is actually in the possession of the Alien Property Custodian or the Treasurer of the United States, and, as decided in Henkels v. Sutherland (1926) 271 U. S. 298, 46 S. Ct. 524, 70 L. Ed. 953, 51 A. L. R. 229, any income therefrom actually received by the government. It is not designed to charge the government with liability for torts whether by the Alien Property Custodian or otherwise, and whether intentional or through a misconstruction of the law by such official.

Whether or not plaintiff has or had a remedy against the former Alien Property Custodian personally for the recovery of these moneys, if wrongfully deducted, I need not pass upon. Such action at the best would be personal against him and not one in substance against the government. The question of the effect of the releases would be relevant therein even if otherwise he should be deemed personally liable.

The bill will be dismissed for want of jurisdiction.